UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rose Dmytryk, | ) | CASE NO. 20 CV 2381 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Kohl's, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Defendant KIN, Inc.'s Motion for Summary Judgment.[1] (Doc. 18). Also pending is Defendant's Motion to Strike Plaintiff's Declaration in Support of Memorandum in Opposition to Summary Judgment. (Doc. 24). This is a negligence case. For the following reasons, this Court GRANTS IN PART Defendant's motion to strike and GRANTS Defendant's motion for summary judgment.

---

[1] Defendant requests oral argument to "highlight the contents of the video evidence in this matter." The Court denies Defendant's request.

**Facts**

Plaintiff Rose Dmytryk filed this complaint against Defendants Kohl's Inc and Kohl's Department Store[2] (collectively, "Defendant"). Plaintiff was shopping at Kohl's when she stepped onto a brown cardboard box and fell into a merchandise cart. Plaintiff brings this action against Defendant for damages arising out of that incident.

Defendant's employee, Patricia Strmac, was stacking merchandise out of the box at issue, which she left on the store's light-colored[3] aisle floor. Strmac placed the box next to a wheeled merchandise cart sitting in the center of the aisle and walked away from it. Strmac and Assistant Store Manager Horton testified that they were not aware of any store policy prohibiting putting merchandise boxes on the floor. The parties dispute whether the cart's wheels were locked, but Strmac—the employee who placed the cart—testified that she did not know that the carts had locks. (Doc. 19–3 at 268). Horton testified that the carts have locking mechanisms but said the cart would still move "if someone of average weight" hit it. When asked whether the cart's lock operates as a "safety mechanism," Horton responded "[y]eah, it makes it so it doesn't roll on its own." (Doc. 19–2 at 187).

Defendant has filed a surveillance video of the incident which shows the following. Approximately three and a half minutes after Strmac put the box on the floor, Plaintiff walks down the aisle. Plaintiff was in the unattended box's vicinity for a short time before leaving the frame. When she returned, she was carrying something in her left arm. Plaintiff then

---

[2] Defendants state that they are improperly identified and that their proper name is KIN, Inc.
[3] The parties dispute whether the floor was white or gray, but Defendant's surveillance video of the incident suffices to show that the floor was light-colored.

2

encountered another shopper walking the opposite direction down the aisle. Plaintiff and the other shopper attempted to navigate around each other. Plaintiff walked to her left and stepped on top of the box. The box collapsed and Plaintiff fell to her left, hitting the merchandise cart in the center of the aisle.

According to Plaintiff's deposition testimony, she did not see the box before she fell, and she did not look around to see what had caused her fall afterwards. She sustained serious injuries and underwent surgery.

Plaintiff thereafter filed this lawsuit against Defendant. Count One, although not appropriately captioned, is a claim for negligence. Count Two is a "claim" for Res Ipsa Loguitur [sic].

**Standard of Review**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

"Where, as here, there is a videotape capturing the events in question, the court must view those facts in the light depicted by the videotape." *Hanson v. Madison Cty. Det. Ctr.*, 736 Fed. App'x 521, 527 (6th Cir. 2018) (citations and quotations omitted). If the video "does not tell the whole story in a material respect," or if reasonable jurors could make different conclusions about the video, summary judgment is inappropriate. *Id.* (quotation omitted).

**Analysis**

**I.     Motion to Strike**

Defendant moves to strike, in whole or in part, Plaintiff's declaration submitted with her brief in opposition. (Doc 22–1; Doc. 24). Defendant argues that most or all of the declaration is inadmissible because it contains legal conclusions and is contradicted by her

deposition testimony. Plaintiff argues that her declaration is admissible because she may testify regarding her review of the store surveillance video.[4] The Court GRANTS IN PART Defendant's motion to strike.

A declaration supporting summary judgment must be made on personal knowledge, set out admissible facts, and show that the declarant is competent to testify on the matter asserted. Fed. R. Civ. Pro. 56(c)(4). Such a declaration must be based on information known to the declarant, not simply the declarant's "information and belief." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007) (citing *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 399 U.S. 827, 831 (1950), *overruled on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969)). "[I]nferences, thoughts, and opinions" may only be included if they are premised on firsthand observation or personal experience and they must be established by "specific facts." *Id.* (citing *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1355 n.2 (6th Cir. 1996); *Harrah's Enter., Inc. v. Ace American Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004) (cannot embrace legal conclusions); *Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 887 (6th Cir. 1998) (personal knowledge may include inferences and opinions only if substantiated by specific facts)).

Federal Rule of Evidence 701(b) provides that a lay witness may testify based on her opinion, rather than her direct knowledge, only if the testimony is: (a) "rationally based on the witness's perception;" (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Testimony must meet all three of these

---

[4] Plaintiff argues that Defendant did not file the video with the Court. Defendant has now done so.

foundational requirements to be admissible. *United States v. Freeman*, 730 F.3d 590, 596 (6th Cir. 2013). Lay opinion testimony is permitted, then, to the extent that "it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event." *Id.* at 596.

Paragraphs 10, 11, 13, and 14 state as follows:

10. The video shows that I stepped into a small box that appears to be empty.

11. The video shows that right before I stepped into or onto the box, another patron was near me, so there was no other way to walk past that person without encountering the box.

13. I can see from the video that the box appears to be small and that it appears that the store employee had emptied the box and left it on the floor.

14. It appears to me from the video that the box I stepped in would likely fit within one tile of the store's floor.

Plaintiff argues that she may testify about whether the box was open and obvious and that her perception of the video is helpful to determine facts at issue. But, the video speaks for itself. Plaintiff's opinion as to what the video depicts will not assist the trier of fact. The statements are not admissible under Fed. R. Evid. 701(b) because they will not assist in understanding the witness's testimony and are not helpful to determining a fact in issue. Paragraphs 10, 11, 13, and 14 are stricken.

Defendant objects to Paragraphs 16, 18, 20, and 21 because they are not within Plaintiff's personal knowledge but instead embrace legal conclusions and amount to speculation as to what would have happened had the cart's wheels been locked. Those paragraphs provide as follows:

6

> 16. Although I can see the box in the video, which appears to be from a security camera with a birds-eye view, the box was not obvious to me and would not have been obvious to any reasonable shopper who did not have a birds-eye, slow motion view.
>
> 18. In real time, the box was barely visible if visible at all to a shopper walking at a reasonable speed while also attempting to avoid another shopper.
>
> 20. If the merchandise cart had been locked, it is my opinion that I could have regained my balance and either not fallen or not fallen as severely.
>
> 21. After reviewing the video, it is my opinion that a jury of my peers would also agree that the box was not an obvious condition.

Plaintiff argues that she may testify as a layperson as to whether the box was open and obvious and that she is "the best person to testify" about whether she would have regained her balance.

The Court finds that Paragraph 16 embraces a legal conclusion because it opines on what a "reasonable shopper" in her position would have seen. But to the extent that Plaintiff avers that the box was not obvious to her, it is within her personal knowledge and is consistent with her deposition testimony. Thus, Paragraph 16 must be stricken in part.

Paragraphs 18, 20, and 21 offer only opinion, speculation, and legal conclusions. Paragraph 18 speculates about what a hypothetical shopper would have seen. Paragraph 20 offers "[Plaintiff's] opinion" as to whether she would have caught herself if the merchandise cart had been locked. These paragraphs are inadmissible under Fed. R. Civ. P. 701, which allows lay witness opinion only if the opinion would be "helpful to clearly understanding the witness' testimony or to determining a fact at issue." Paragraph 21, in addition to being speculative, gives a legal conclusion—Plaintiff's opinion that a jury of her peers would find the box to be an open and obvious condition.

Additionally, Paragraphs 8 and 19 are both stricken in part. Paragraph 8 provides as follows:

> 8. The merchandise cart was not locked and it rolled and I was unable to regain my balance and fell.

And Paragraph 19 provides as follows:

> 19. I was not looking at my phone or at my purse when I stepped onto the box. I was looking generally in the direction that I was walking while also trying not to collide with merchandise or the other shopper.

To the extent Paragraph 8 provides that the "merchandise cart was not locked," that portion is stricken. Plaintiff has no personal knowledge as to whether the cart was, in fact, locked. With respect to Paragraph 19, Plaintiff cannot testify that she was attempting to avoid another shopper because the statement contradicts her deposition testimony. At her deposition, Plaintiff indicated that she was not distracted by anything at the time of her fall.

For these reasons, the foregoing paragraphs are stricken as outlined above.

**II.  Motion for Summary Judgment**

    **A.  Open and Obvious**

Defendant argues that it is entitled to summary judgment because the box Plaintiff encountered was an "open and obvious" hazard for which no liability can attach under Ohio law. Plaintiff argues that the box was not "open and obvious" because the box was either so large that it was placed in violation of the ADA, which creates negligence *per se*, or so small that it was difficult to see. Plaintiff also argues that the box was not an open and obvious hazard due to attendant circumstances.

The Court takes each argument in turn.

1. **Negligence *Per Se***

Plaintiff argues that the box was not an open and obvious hazard because Defendant violated the Americans with Disabilities Act ("ADA") by placing the box in the aisle. Plaintiff asserts that statutory violations—such as a violation of the ADA—cannot be excused by the open and obvious doctrine. Defendant responds that Plaintiff fails to cite the ADA, fails to establish an ADA violation by failure to show that Plaintiff was in a protected class, and incorrectly interprets Ohio law on statutory violations.

For her negligence *per se* argument, Plaintiff relies on *Robinson v. Bates*. In *Robinson*, the Supreme Court of Ohio held that a landlord who violates a statutory duty to keep premises habitable cannot use the "open and obvious" doctrine to negate liability for injuries stemming from that violation. 857 N.E.2d 1195, 1202 (Ohio 2006). The "negligence *per se*" from the statutory violation still adheres. *Id.* at 1201–02.

Plaintiff argues that Defendant violated the ADA because the box's size and placement left less than 36 inches of clear walking space in the aisle. Having violated the ADA, Plaintiff asserts, Defendant committed negligence *per se* and cannot invoke the "open and obvious" doctrine. Defendant replies that the Supreme Court of Ohio has declined to extend *Robinson* to violations of the ADA and cites several intermediate court decisions that have so held. Defendant also argues that Plaintiff has failed to provide evidence that she was in the class of persons that the ADA was designed to protect; thus, she has failed to show negligence *per se*.

The Court agrees that Plaintiff fails to establish negligence *per se*.[5] Even assuming for purposes of this motion that ADA violations can establish negligence *per se*, Plaintiff must still satisfy the negligence *per se* requirements. "For an individual to recover on a claim of breach of a statutory duty, he or she must be within the class for whose benefit the statute was enacted." *Brock v. Food, Folks & & Fun, Inc.*, 2014 WL 2810846, at * 4 (Ohio Ct. App. 2014) ("[Plaintiff] cannot recover for a violation of the ADA because he has made no showing the [sic] he suffers from a covered disability.") (citing *Scheetz v. Kenwood*, 786 N.E.2d 501 (Ohio Ct. App. 2003)).

Here, Plaintiff puts forth no evidence or argument that she suffered from an ADA-covered disability at the time of the incident. Thus, she fails to establish negligence *per se*. *Id.* Having so concluded, the Court need not reach the parties' remaining arguments.

### 2. The Box

Defendant argues that the box was an "open and obvious hazard" such that Defendant is not liable to Plaintiff for injuries relating to the box. Plaintiff argues that the "open and obvious" determination should be made by a jury.

Ohio law provides that a court may determine whether a hazard was open and obvious as a matter of law on summary judgment. *Alley v. Glassman, Inc.*, 2011 WL 6933998, at *4 (Ohio Ct. App. Dec. 30, 2011) ("It is well-settled that certain clearly ascertainable hazards or defects may be deemed open and obvious as a matter of law for purposes of granting summary judgment.") (quotations omitted). A court will decline to do so if "the record reveals

---

[5] As such, the Court does not reach the general question of whether ADA violations may negate application of the "open and obvious" doctrine under Ohio law.

a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person." *Id.* (citations omitted). Courts may look to visual evidence such as videos in making these determinations. *Id.*; *see also Conrad v. Sears, Roebuck and Co.*, 2005 WL 758199, at *4 (Ohio Ct. App. Apr. 5, 2005) ("Reviewing the videos, the photos, and the testimony, it is clear that appellant's view of the box on the floor was not blocked at all . . . .").

The "open and obvious" doctrine provides that a property owner owes no duty of care to business invitees when the danger is not latent, not hidden from view, and is discoverable upon ordinary inspection. *Parsons v. Lawson Co.*, N.E.2d 698, 701 (Ohio Ct. App. 1989). The question is whether hazards are "so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Id.* The doctrine's rationale is that "the open and obvious nature of the hazard itself serves as a warning" such that "the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Armstrong v. Best Buy Co.*, 788 N.E.2d 1088, 1089 (Ohio 2003) (citations and quotations omitted). If a hazard is open and obvious, it "acts as a complete bar to any negligence claims." *Id.* at 1090.

Defendant argues that the box was open and obvious because it was a discernible brown box on a white floor and there were no obstructions between Plaintiff and the box at the time she fell. Plaintiff argues that the box was so small that the "open and obvious" doctrine is inapplicable, and she also asserts that Defendant mischaracterizes the floor as white when it is actually gray. Plaintiff also argues that Mark Horton's testimony supports the argument that the box was obstructed.

11

In *Isaacs v. Meijer*, the court held that a box was an open and obvious hazard to a pedestrian whose arms were full of merchandise where the box was on a "light-colored floor and next to [a] stocking cart" and "was neither hidden from view nor concealed and was discoverable and observable by ordinary inspection." 2006 WL 766692, at * 2–3 (Ohio Ct. App. Mar. 27, 2006) (rejecting plaintiff's argument that box was "concealed behind the large stocking cart" and that she did not see it because of her full arms); *see also Carter v. Miles Supermarket*, 2010 WL 5486849, at *4 (Ohio Ct. App. Dec. 23, 2010) ("[The plaintiff] agreed that she would have seen [the 'regular brown cardboard box'] had she just looked at it.").

The video shows Strmac place a brown box on the light-colored floor of an aisle next to a cart, as in *Isaacs*. Though the parties dispute whether the box is "large" or "small," the box is clearly discernible—had Plaintiff looked, she would have seen it. *Carter*, 2010 WL 5486849, at *4. The box was not hidden and the video shows nothing between Plaintiff and the box.[6] Plaintiff simply failed to observe it. Plaintiff admitted at deposition that if she had looked down, any reasonable person would have seen the box. Thus, the box "was neither hidden from view nor concealed and was discoverable and observable by ordinary inspection." *Isaacs*, 2006 WL 766692, at * 2–3.

---

[6] Although Plaintiff points to Horton's testimony regarding his view of the box as evidence that there was an obstruction in front of it, it is clear from the record that Horton meant that the box was not fully visible from the perspective of the video camera as he watched the video at the deposition. (Doc. 19–2 at 185)("**Q:** [*I*]*n this video* [the box] is partially obstructed by [another box] right here, correct? **A:** You can't see the bottom corner of the box, that is correct. *From this angle*. **Q:** Right. This is also partially obstructed by these towels here *from this angle*, right? **A:** Yeah, *from this angle*, yes, sir.") (emphasis added). The Court notes no obstruction in the video between Plaintiff and the box.

### 3. Attendant Circumstances

Plaintiff argues that the presence of another shopper amounted to an attendant circumstance because she had to avoid the shopper, leaving her with "nowhere else to walk but into the path of the small box . . . ." Defendant responds that it did not create the allegedly attendant circumstance, Plaintiff could have waited to let the other shopper pass instead of stepping into the box, and Plaintiff admits she was not distracted at the time of the incident. Defendant also points to Ohio case law holding that shopping in a holiday crowd is not an attendant circumstance.

Ohio law provides that "attendant circumstances" may create an exception to the open and obvious doctrine. *Haller v. Meijer*, 2012 WL 566655, at *2 (Ohio Ct. App. Feb. 21, 2012) (citations omitted). "An attendant circumstance is any significant distraction that would divert the attention of a reasonable person in the same situation . . . . [f]urthermore, the attendant circumstance must be an unusual circumstance of the property owner's making." *Id*. (citations omitted). The circumstance must be "within [the property owner's] control." *Lowe v. Local Union No. 14 U.A.W*, 145 N.E.3d 363, 371–72 (Ohio Ct. App 2020) (plaintiff's desire to vote, presence of plaintiff's husband, and the path plaintiff chose to take are neither unusual nor within property owner's control). An attendant circumstance must be one that is not commonly or ordinarily encountered. *Hill v. Mullins*, 88 N.E.3d 575, 579 (Ohio Ct. App. 2017).

In *Haller*, the court held that the presence of three or four other shoppers when the plaintiff fell over a barrier was not an "attendant circumstance" because the presence of other shoppers "is a normal condition encountered by customers in any large retail or grocery store"

13

that did not "significantly increase the danger posed" by the barrier. *Id.* at 3; *see also Conrad v. Sears, Roebuck and Co.*, 2005 WL 758199, at *4 (Ohio Ct. App. Apr. 5, 2005) ("Other customers" blocking plaintiff's view are a "common circumstance" that occur in a store; therefore, they "do[] not negate the responsibility of a customer to look before proceeding").

Here, Plaintiff encountered a single customer in a retail store. She testified that she was not distracted at the time of her fall. And, although Plaintiff argues that she was left with no choice but to walk into the path of the box because of the shopper, she could have waited to let the other shopper pass. *Miller v. Cardinal Mooney High School*, 168 N.E.2d 1254, 1276 (Ohio Ct. App. 2021) (rejecting plaintiff's no-other-choice argument that she could not avoid locker room door that crushed her hand because she could have slowly opened door, declined to leave belongings in the locker room, or declined to use the locker room generally). The Court finds that Plaintiff's "attendant circumstance" argument lacks merit.

The Court finds that the box was an open and obvious hazard. As such, Defendant owed Plaintiff no duty of care with respect to open and obvious hazards. *Armstrong v. Best Buy Co., Inc.*, 788 N.E.2d 1088 (Ohio 2003). Consequently, Defendant is entitled to summary judgment as to Plaintiff's negligence claim.[7]

---

[7] Plaintiff's complaint states several grounds relating to the box, such as failure "to instruct employees on the proper and safe protocol to keep aisles clear of clutter, boxes, and trip hazards . . ." and allowing "an area of the premises to be and remain in a dangerous condition where it was reasonably foreseeable that persons such as the Plaintiff would walk down an aisle where the employees had left unattended boxes and a wheeled cart . . . ." But Ohio precludes negligence liability if a hazard is open and obvious. *Armstrong v. Best Buy Co., Inc.*, 788 N.E.2d 1088 (Ohio 2003). Because this Court concludes that the box was an open and obvious hazard, Plaintiff cannot recover on any theory that depends on the box.

### D. Unlocked Merchandise Cart

Plaintiff's complaint also contains allegations of negligence relating to the merchandise cart that Plaintiff fell into. Defendant argues in its reply brief that Plaintiff put forth insufficient evidence to prove that the cart was a proximate cause of her injuries. Plaintiff argues that a jury may conclude that the cart proximately caused her injuries because it failed to stop her fall.

Under Ohio law, plaintiffs who fall of their own accord cannot show that the item that failed to break that fall is the proximate cause of their injuries. In *Gartland v. Garcia*, a shopper lost her balance of her own accord and fell into a partition, which she tried to grab to stabilize herself. 795 N.E.2d 59, 62 (Ohio Ct. App. 2003). The partition failed to stop her fall, and the shopper argued that it was the proximate cause of her injuries. *Id.* The court concluded that the shopper failed to show proximate cause:

> In a slip-and-fall case in a store because of a spilled liquid, it is the spilled liquid that causes the fall and thus the injury. Likewise, if an invitee is in a store and trips over their own feet and tries to catch himself on a display hammock, but due to its nature is unable to catch himself or herself and falls and sustains injuries, the hammock is not the proximate cause of the injuries; rather, tripping over one's feet was the cause . . . . The partition did not cause the fall; rather, [the shopper] admittedly fell because she lost her balance. The partition merely failed to prevent the fall from continuing. As such, we hold that . . . the partition was not the proximate cause of the fall and injuries.

*Id.* at 62–63.

Defendant argues that the cart was not the proximate cause of Plaintiff's injuries because Plaintiff would not have needed to brace herself if she had not tripped on the box, which was an open and obvious hazard. Defendant also argues the cart might have been locked, but even if it was not, the locks would not have prevented the cart from moving.

Plaintiff argues that the cart was a proximate cause of her injuries "based upon [Strmac's] testimony that [Strmac] did not lock the merchandise cart, Horton's testimony that the merchandise cart had a locking mechanism for safety purposes, and [Plaintiff's] testimony that she attempted to grab the cart to brace her fall . . . ." (Doc. 27 at 386). Plaintiff also points out that the video shows the cart moving after Plaintiff hit it.[8]

This Court determined that the box was an open and obvious hazard and, as such, Plaintiff fell of her own accord. Plaintiff stated that "[a]fter stepping into or onto the box, I started to lose my balance. . . . I attempted to regain my balance by grabbing onto a merchandise cart in the aisle. I expected the merchandise cart to be locked into place and that I would be able to brace myself on the cart." (Doc. 22–1 at 338). Plaintiff admits she lost her balance because of the box. She tried to grab onto the merchandise cart to stop her fall, but it moved. Plaintiff, like the shopper in *Gartland*, argues that the intervening item should have been secured to stop her fall. But just as the *Gartland* court determined that the partition did not proximately cause the shopper's fall, the merchandise cart here did not cause Plaintiff to fall. Instead, like the partition in *Gartland*, the cart merely failed to stop it. Plaintiff fails to show that the merchandise cart was the proximate cause of her injuries.[9]

---

[8] Plaintiff argues that the Court should not consider arguments relating to the cart because Defendant failed to raise them in its opening brief. This Court granted Plaintiff an opportunity to file a sur-reply to address new arguments raised in Defendant's reply brief. (Doc. 25). In her sur-reply, Plaintiff cites Sixth Circuit law holding that courts should only consider arguments raised for the first time in reply briefs in "extraordinary circumstances" that are not present here. (Doc. 27). But that doctrine applies where the opposing party "was not afforded a response to [the] reply." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Having granted Plaintiff leave to file a sur-reply to respond to new arguments, the Court will consider arguments regarding the cart.

[9] Plaintiff's complaint also alleges Res Ipsa Loguitur [sic] as Count Two. But res ipsa loquitur is not an independent ground of recovery; it is an evidentiary rule

**Conclusion**

For the above reasons, this Court GRANTS IN PART Defendant's Motion to Strike Plaintiff's Declaration in Support of Memorandum in Opposition to Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 12/9/21

---

that permits a factfinder to infer negligence under certain circumstances. *Jennings Buick, Inc. v. City of Cincinnati*, 406 N.E.2d 1385, 1387 (Ohio 1980).